BARNS, Justice
(dissenting).
M. A. Hill, duly authorized and acting in the capacity of deputy sheriff of Gulf County, died from injuries received in an altercation while in the course of his employment as such deputy sheriff. Claim for compensation under the Florida Workmen’s Compensation Act was duly filed against B. E. Parker, as Sheriff of Gulf County and against Gulf County, with the petition that the Florida Industrial Commission determine which of the parties named as employer was liable.
The Workmen’s Compensation Act, Chapter 440 F.S.A. is applicable to “employment by the State and all political subdivisions thereof * * * except officers *821 elected at the polls * * * Section 440.02 F.S.A. The views are unanimous that the deputy sheriff comes within the scope of “employment” as above stated. The point for determination is whether the Sheriff or the County is liable. We hold the County liable and affirm the award of the Deputy Commissioner.
By F.S. Chapter 145, F.S.A. the Sheriff’s compensation from fees is limited with provisions for the excess to be paid over to the county by the Sheriff. The selection of personnel of the Sheriff’s office and duration of tenure is at the will of the Sheriff. The “net income” of the office is required to be paid over to the county, F.S. Section 145.05, F.S.A.
Every employer and every employee is presumed to have accepted the provisions of Chapter 440, see F.S. Section 440.03, F.S.A. Every employer is liable for and is required to secure to employees the payments of the compensation provided in Section 440.10 Every employer is required to secure the payment of compensation by insurance of a company or association authorized to do business in this state unless excused by the commission on grounds of his ability to pay an award of compensation, Section 440.37, and a failure to procure insurance when required is made a misdemeanor, Section 440.43.
The judgment appealed is against the appellant in his capacity as sheriff and not against him individually. If the appeal is to be affirmed it may involve his successor in office as an officer and agent of the county. The revenue of the office of sheriff in some counties may not be sufficient to pay the maximum compensation to the sheriff allowed by law. If the widow is to look solely to the office of sheriff it may mean that she will not receive the benefits of the Workmen’s Compensation Act. These factors are to be taken into consideration in construing the Act in determining the intent of the law.
The true interpretation of all statutes in general (be they penal or beneficial, restrictive or enlarging the common law) is that four things are to be discerned and considered: (1) What was the law before the passing of the act; (2) What was the mischief or defect for which the law had not provided; (3) What remedy the legislature has designated to cure the defect or mischief; and (4) the reason of the remedy. Heydon’s case reported by Lord Coke (1584) 3 Co.Rep. 8: “And the office of all the Judges is always to make such construction as shall suppress the mischief and advance the remedy, and to suppress subtle inventions and evasions for the continuance of the mischief and pro privato commodo, and to add force and life to the cure and remedy according to the true intent of the makers of the Act pro bono publico” (ib.).
A deputy sheriff is not a sheriff but an agérit of the sheriff by reason of appointment by the sheriff; he is not an officer but an agent for one who is an officer; he is not an officer but is one vested with deputed authority of the office of sheriff.
The deputy of the officer, like the officer, •occupies a dual status. The sheriff as to the county and state is a public servant and employee; a deputy likewise occupies a status of public servant and employee, yet both the sheriff and his deputies for other purposes are of the status of officers.
If the sheriff had procured insurance it would have been an act on behalf of the county as an operating expense of the office. To have done so would partake of the discharge of a duty owing by him to the county in the discharge of his duties as a county officer in carrying out the obligations imposed on the county by Chapter 440. The manner and means of carrying out the law’s exactions have been left to the administration of county affairs since the law is silent in this respect.
It is my conclusion that the deputy sheriff in relation to the county and the Workmen’s Compensation Act, Chapter 440, was a county employee and the judgment appealed from should be reversed.